UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID TOVAR, SR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 5:21-cv-02497-EJD<br><br>**ORDER GRANTING DEFENDANT CITY OF SAN JOSE'S PARTIAL MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

On the morning of January 21, 2020, David Tovar Jr. was shot and killed by several San Jose Police Officers ("the Police Officers"). Plaintiffs David Tovar, Sr., and minors D.T.M. and J.M. bring claims against the Police Officers and the City of San Jose ("the City") for the loss of their relative, David Tovar Jr. ("the Decedent"). The City moves to dismiss Plaintiffs' claim that the City is liable for the shooting. Defendant City of San Jose's Partial Motion to Dismiss Complaint ("Mot."), Dkt. No. 19. Plaintiffs filed an opposition to the motion, and the City filed a reply. Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Opp."), Dkt. No. 24; Defendant City of San Jose's Reply in Support of Partial Motion to Dismiss ("Reply"), Dkt. No. 26. The Court **GRANTS** the City's partial motion to dismiss with leave to amend.[1]

**I.   INTRODUCTION**

On June 8, 2021, Plaintiffs filed their first amended complaint. First Amended Complaint for Damages ("FAC"), Dkt. No. 8. The FAC alleges that on January 21, 2020, unidentified Police Officers used excessive force when they shot and killed the Decedent at the Villa Fairlane Apartment Complex. FAC ¶¶ 1, 14, 21. Plaintiffs allege that on the morning of the shooting, the Decedent was walking along the apartment complex's second-story walkway when the Police

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), the Court finds this motion suitable for consideration without oral argument.

Case No.: 5:21-cv-02497-EJD
ORDER GRANTING DEFENDANT CITY OF SAN JOSE'S PARTIAL MOTION TO DISMISS
1

Officers, armed with semi-automatic, military-style assault weapons, entered the ground-floor courtyard. FAC ¶¶ 14, 15. The Police Officers surrounded the Decedent and pointed their weapons at him, which caused the Decedent to "run for his life." FAC ¶ 15.

After the Decedent began running, several of the Police Officers "gunned him down" and shot him in the "front, side, and back." FAC ¶ 16. The Police Officers continued to shoot at the Decedent even while he lay face down on the ground. FAC ¶ 17. After two minutes of the Decedent "laying motionless and bleeding on the ground," the Police Officers released a canine to "attack and maul [the Decedent's] defenseless and dying body." FAC ¶ 17. The FAC alleges that none of the Police Officers involved in the shooting were disciplined or retrained in connection with this incident. FAC ¶ 31. The FAC goes on to allege that San Jose police have a "pattern and practice" of using excessive force. FAC ¶ 31.

The FAC asserts six causes of action, including claims against the Police Officers for excessive use of force in violation of the Fourth and Fourteenth Amendments, a claim against the City for excessive force under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and various state law claims against the Police Officers. The City's motion to dismiss challenges only the FAC's *Monell* claim, *i.e.*, the third cause of action.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Dismissal for failure to state a claim is "proper only where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). That is, a complaint can only survive a motion to dismiss for failure to state a claim "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Case No.: 5:21-cv-02497-EJD
ORDER GRANTING DEFENDANT CITY OF SAN JOSE'S PARTIAL MOTION TO DISMISS
2

In testing the sufficiency of a complaint, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994); *see also Iqbal*, 556 U.S. at 678 (complaint does not suffice when "it tenders naked assertions devoid of further factual enhancement" (quotation marks and citation omitted)).

### III. DISCUSSION

42 U.S.C. § 1983 provides a cause of action against any "person" who, under color of law, deprives any other person of rights, privileges, or immunities secured by the Constitution or the United States. *Monell*, 436 U.S. at 694. Although a municipality qualifies as a "person" under § 1983, a municipality cannot "be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Rather, "[l]iability may attach to a municipality only where the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official capacity.'" *Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 984 (9th Cir. 2002) (quoting *Monell*, 436 U.S. at 694). As the Ninth Circuit recently cautioned, "[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019).

Because the City is a public entity, to hold it liable under § 1983 Plaintiffs must show: (1) the Decedent possessed a constitutional right of which he was deprived; (2) the City had a policy; (3) the City's policy amounts to deliberate indifference to the Decedent's constitutional right; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Plaintiffs may show the City's policy or custom by one of three methods: (1) by showing a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity"; (2) "by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision"; or (3) "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision

Case No.: 5:21-cv-02497-EJD
ORDER GRANTING DEFENDANT CITY OF SAN JOSE'S PARTIAL MOTION TO DISMISS
3

of, a subordinate." *Ulrich*, 308 F.3d at 984–85.

"Allegations of *Monell* liability will be sufficient for the purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, *i.e.*, show how the alleged deficiency was obvious and that the constitutional injury was likely to occur." *Lucas v. City of Visalia*, 2010 WL 1444667, at *4 (E.D. Cal. Apr. 12, 2010). The City contends that Plaintiffs fail to state a claim as to their third cause of action because they do not plead any sort of specific policy or custom. Instead, Plaintiffs' claims are premised only on facts about the alleged shooting and mauling of the Decedent. The Court agrees.

As an initial matter, Plaintiffs' Opposition asserts only one basis for *Monell* liability: the City's alleged failure to retrain or discipline the Police Officers for misusing a canine. Opp. at 5. Plaintiffs do not argue that any other allegations of the FAC are sufficient to state a claim against the City under § 1983. They do not address the City's arguments that a *Monell* claim cannot proceed based on the FAC's allegations of cover-ups, failures to investigate, failures to discipline other officers, tolerance of misconduct, encouragement of abuse, or other lawsuits alleging excessive force. *Compare* Mot. at 3–6, *with* Opp. at 4–6. Likewise, the opposition does not address the City's arguments that the FAC fails to specify a pattern of similar constitutional violations that would be needed to support a failure to train theory of liability, or that the FAC fails to specify facts from which it could be inferred that any policy maker ratified the alleged excessive use of force. *Compare* Mot. at 6–8, *with* Opp. at 4–6. Lastly, the opposition does not argue that the FAC supports the City's liability for the shooting. Instead, it argues the City is *only* liable for the canine deployment that allegedly followed the shooting. Opp. at 5. By failing to respond to the City's arguments, Plaintiffs have conceded those arguments and have acknowledged that their *Monell* claims should be dismissed on those grounds. *See, e.g.*, *Mortg. Elec. Registration Sys., Inc. v. Koeppel*, 2020 WL 1233925, at *3 (N.D. Cal. Mar. 13, 2020) ("'[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments

Case No.: 5:21-cv-02497-EJD
ORDER GRANTING DEFENDANT CITY OF SAN JOSE'S PARTIAL MOTION TO DISMISS
4

raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'" (alteration in original) (quoting *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002))); *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."); *Tyler v. Travelers Com. Ins. Co.*, 499 F. Supp. 3d 693, 701 (N.D. Cal. 2020) ("Plaintiff concedes these arguments by failing to address them in her opposition." (collecting cases)).

The Court focuses on Plaintiffs' argument that their *Monell* claim is based on the FAC's allegation that "[t]he use of a canine unit on [the Decedent]" after he had been shot was a "clear violation of his constitutional rights" and that the City had a "use of force policy and/or training" that allowed for this unconstitutional activity to occur. Opp. at 5. Problematically, Plaintiffs do not identify the alleged policy or training practice or identify such an allegation in their FAC. Instead, they argue that "[t]he [] City's failure to retrain or reprimand the involved officers' [sic] for the use of the canine is sufficient evidence that [the] City trained the officers [and] that it was within [the City's] policy to use the canine in this matter." Opp. at 5.

There are several problems with Plaintiffs' theory of *Monell* liability. First, it collapses into a *respondeat superior* theory of liability. Allowing a plaintiff to demonstrate a policy or practice through the individual officers' allegedly unconstitutional action *per se* permits a plaintiff to attribute an employee's actions to its employer. This is impermissible. *See Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a *municipal* policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." (collecting cases)); *Jones v. Cnty. of San Bernardino*, 2016 WL 4425711, at *14 (C.D. Cal. Aug. 17, 2016) ("Courts in the Ninth Circuit have stopped short of holding that a plaintiff can prove *Monell* liability simply on the basis of a defendant department's post-incident ratification through failure to discipline or take other action concerning the officer directly involved." (quotation marks and citation omitted)); *Casey v. City of Santa Rosa*, 2019 WL 2548140, at *5 (N.D. Cal. June 20, 2019) ("[A]llegations that the County's

Case No.: 5:21-cv-02497-EJD
ORDER GRANTING DEFENDANT CITY OF SAN JOSE'S PARTIAL MOTION TO DISMISS
5

1  subsequent failure to discipline or re-train is not sufficient to show that a policy was the driving
2  force behind the incident that is the subject of [the] case. Rather, he must identify the deficiency
3  in a training program, which must be closely related to the ultimate injury sustained.").

4  Second, even if the City investigated the incident and determined that the Police Officers'
5  use of the canine was constitutional, the City's assessment of a single incident does not give rise to
6  a city policy to which liability could attach. The FAC only provides three other excessive force
7  examples, neither of which involved a canine. FAC ¶ 31. *See Kanae v. Hodson*, 294 F. Supp. 2d
8  1179, 1191 (D. Haw. 2003) ("The law does not say that, whenever an investigative group accepts
9  an officer's version over a victim's differing version, this acceptance establishes a policy for
10 which a municipality may be held liable under § 1983.").

11 Third, the FAC is devoid of allegations that a policy maker at the City is responsible for
12 the alleged failure to retrain or discipline the officers. Without some link between the alleged
13 failure to train or discipline and an action taken by the City, the bare allegation that the City did
14 not retrain or discipline the officers is insufficient to establish liability under § 1983. *See Gillette*
15 *v. Delmore*, 979 F.3d 1342, 1348 (9th Cir. 1992) ("*Pembaur* requires that an official policymaker
16 make a deliberate choice from among various alternatives to follow a particular course of action.
17 Likewise, *Paprotnik* requires that a policymaker approve a subordinate's decision *and the basis*
18 *for it* before the policymaker will be deemed to have ratified the subordinate's discretionary
19 decision." (quotation marks and citations omitted) (discussing *Pembaur v. City of Cincinnati*, 475
20 U.S. 469 (1986) and *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988)), *overruled on other*
21 *grounds by Castro v. Cnty. of L.A.*, 873 F.3d 1060, 1070 (9th Cir. 2016).

22 Finally, the FAC fails to allege proximate cause. That is, it does not demonstrate how
23 misconduct attributable to the City was the moving force behind the constitutional injuries at
24 issue. For Plaintiffs' *Monell* claim to survive, they must identify a deficient training or policy *and*
25 prove that the deficiency caused the constitutional injury. *See Canton v. Harris*, 489 U.S. 378,
26 391–92 (1989) ("[R]espondent must still prove that the deficiency in training actually caused the
27 police officers' indifference to her medical needs. . . . To adopt lesser standards of fault and
28 Case No.: 5:21-cv-02497-EJD
ORDER GRANTING DEFENDANT CITY OF SAN JOSE'S PARTIAL MOTION TO DISMISS
6

causation would open municipalities to unprecedented liability under § 1983." (footnote omitted)). The FAC does not allege what City training practice or policy caused the Police Officers to deploy a canine in violation of the Constitution. *See* FAC ¶ 38 ("The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant City of SAN JOSE and Does 26–50, were a moving force and/or a proximate cause of the deprivations of [the Decedent's] clearly-established and well-settled constitutional rights . . . .").

For these reasons, the Court **GRANTS** the City's partial motion to dismiss. When dismissing a complaint for failure to state a claim, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Although the Court has determined that Plaintiffs fail to state a *Monell* claim, it is possible Plaintiffs can cure their allegations by alleging, among other things, more particular facts as to the City's canine policy.

## IV.  CONCLUSION

The City's partial motion to dismiss Plaintiffs' FAC is **GRANTED** with leave to amend. Should Plaintiffs choose to file an amended complaint, they must do so by January 13, 2022. Failure to do so, or failure to cure the deficiencies addressed in this Order, will result in dismissal of Plaintiff's claims with prejudice. Plaintiff may not add new claims or parties, including the arguments identified as forfeited, without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: December 28, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-02497-EJD
ORDER GRANTING DEFENDANT CITY OF SAN JOSE'S PARTIAL MOTION TO DISMISS
7