UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID TOVAR, SR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No.   5:21-cv-02497-EJD<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED ANSWERS**<br><br>Re: ECF No. 65 |

Defendants Mauricio Jimenez, Topui Fonua, Alvaro Lopez, James Soh, and Hans Jorgensen ("Officer Defendants") move for leave to amend their answers to include additional affirmative defenses. ECF No. 65 ("Mot."). Plaintiffs oppose the Motion to the extent the Officer Defendants seek to assert additional affirmative defenses they had not previously asserted in responding to the Second Amended Complaint ("SAC"). The Court heard the parties' oral arguments on July 20, 2023.

Based on the parties' submissions and arguments, the Court GRANTS Officer Defendants' Motion for Leave to File Amended Answers.

**I.   PROCEDURAL HISTORY**

On April 7, 2021, Plaintiffs filed the original Complaint against the City of San Jose ("City Defendant") and unnamed Doe Defendants, asserting constitutional violations under the Fourth Amendment, Fourteenth Amendment, and municipal liability. ECF No. 1. On June 8, 2021, Plaintiffs amended their Complaint to include three additional claims for violations of California's Bane Act, battery, and negligent wrongful death. ECF No. 8. The First Amended Complaint did not name any new defendants.

1  After the Court granted City Defendant's partial motion to dismiss the municipal liability claim against it, Plaintiffs filed the presently operative SAC. ECF No. 45. Among other amendments, the SAC named five Officer Defendants, as well as an additional individual defendant who was subsequently dismissed from the case by stipulation.

On January 27, 2022, the City Defendant filed its answer to the SAC, asserting seven affirmative defenses. ECF No. 46. After the individual Officer Defendants waived service, they also filed answers to the SAC, all substantially similar to each other's. ECF Nos. 48–53. Each Officer Defendant's answer only included a single affirmative defense but expressly indicated that they "decline[d] to assert further affirmative defenses now based on the Fifth Amendment, which protects [them] from having to respond if [their] answer[s] might be used to help create the misleading impression [they were] involved in a crime." *E.g.*, ECF No. 48, at 11.

On July 21, 2022, the Santa Clara County District Attorney's Office released its investigation report into the incident that is the basis of Plaintiffs' action, declining to file criminal charges against the Officer Defendants. *See* Chow Decl. ¶ 4, ECF No. 65-1.

Several months afterwards, on May 19, 2023, counsel for Defendants reached out to Plaintiffs' counsel regarding a stipulation to permit the individual Officer Defendants to file amended answers that withdrew the Fifth Amendment invocations and asserted additional affirmative defenses. Chow Decl. ¶ 5. These proposed affirmative defenses related to the Officer Defendants' good faith, immunities, intervening negligence, and self-defense.

## II. LEGAL STANDARD

"The Court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). Rule 15's "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). The party opposing the amendment bears the burden of showing why leave to amend should not be granted. *Ziptronix, Inc. v. Ominvision Techs.*, 2012 WL 3155554, at *3 (N.D. Cal. Aug. 2, 2021). Additionally, the Court should resolve a motion for leave to amend "with all inferences in favor of granting the

Case No.: 5:21-cv-02497-EJD
ORDER GRANTING LEAVE TO FILE AMENDED ANSWERS
2

motion." *Griggs v. Pace Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (citations omitted); *see also Scott v. S.F. Police Dep't*, 1995 WL 55301, at *3 (N.D. Cal. Feb. 2, 1995) (noting that the plaintiff's *pro se* status and the rules permitting liberal amendment outweighed any prejudice that certain amendments would cause).

In the Ninth Circuit, courts consider the five *Foman* factors when assessing whether to grant a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended its pleadings. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party is the strongest factor and leave to amend should be granted absent prejudice or a "strong showing" that the other factors are met. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

The Court finds that the first, fourth, and fifth *Foman* factors clearly weigh in favor of permitting the Officer Defendants leave to amend their answers.[1] Defendants' counsel has been forthcoming that the delay in seeking amendment was inadvertent, and the Court has no reason to believe that this request was made in bad faith. Chow Decl. ¶ 5. The assertion of additional affirmative defenses also would not be futile, given that substantially identical defenses are currently asserted by the City Defendant and have not been challenged by Plaintiffs. Nor has any Officer Defendant previously been granted leave to amend their pleadings in the past.

The second *Foman* factor considers whether the amendment would involve undue delay. The Court finds that this factor counsels against permitting the amendment. The proposed

---

[1] Plaintiffs oppose the Motion on the basis that Rule 16(b)'s "good cause" requirement (and not Rule 15) governs this Motion. Opp. 2; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) (holding that Rule 16(b) governs a request to amend pleadings after the court has entered a scheduling order that includes a deadline for amendments). Although the Case Management Order in this case includes such a deadline for amending the pleadings (ECF No. 18), that deadline passed months before the SAC was even filed, before any Defendant had entered an answer, and before any Defendant could have withdrawn its Fifth Amendment invocation. Accordingly, the Court will review Defendants' Motion under the more liberal standard in Rule 15, rather than Rule 16(b).

Case No.: 5:21-cv-02497-EJD
ORDER GRANTING LEAVE TO FILE AMENDED ANSWERS
3

amendment is being sought nearly ten months after the Officer Defendants learned that the Santa Clara District Attorney would not be filing criminal charges against them. Moreover, Defendants' counsel reached out to Plaintiffs' counsel regarding the amendment on May 19, 2023, which was only a few weeks before the close of fact discovery on June 9, 2023. This ten-month delay is not insignificant and appears to have had some impact on Plaintiffs' discovery in this case. Accordingly, this factor weighs in Plaintiffs' favor.

Finally, with respect to the most important *Foman* factor—*i.e.*, whether allowing amendment would be prejudicial to the non-moving party—the Court finds that Plaintiffs would not be prejudiced by the assertion of most of the additional affirmative defenses. The Court notes that almost all of the proposed affirmative defenses are identical with those already asserted by the City Defendant, which Plaintiffs have had notice of since January 27, 2022. ECF No. 46. That said, the Officer Defendants seek to assert two affirmative defenses that the City does not, namely the defenses of qualified immunity and self-defense. *E.g.*, Chow Decl., Exs. A–E, ECF No. 65-1.

Although Plaintiffs likely would have been on notice that the Officer Defendants intended to invoke qualified immunity, it is less clear whether Plaintiffs had received notice that the Officer Defendants intended to claim self-defense. Defendants contend that Plaintiffs would not be prejudiced because—after Plaintiffs' counsel was apprised of the amended answers with the additional defenses—Plaintiffs' counsel asked two Officer Defendants about self-defense in later depositions. Chow Reply Decl. ¶¶ 6–7. Notably absent, however, is any representation as to whether Plaintiffs' counsel had the opportunity to ask about self-defense in any depositions *prior to* Defendants' disclosure of the self-defense claims. Nor did Defendants indicate that they would be claiming self-defense in the parties' Joint Case Management Statement filed in August 2021. ECF No. 17. In short, Plaintiffs could have been prejudiced by Defendants' delay in asserting the affirmative defenses for self-defense.

In summary, the first, fourth, and fifth *Foman* factors weigh in favor of granting leave to amend; the second *Foman* factor weighs against granting leave; and the most important third *Foman* factor indicates some prejudice as to the undisclosed self-defense claim. However, with

respect to the potential prejudice to Plaintiffs, the parties agreed at the hearing that—should the Court be inclined to grant Officer Defendants' leave to amend their affirmative defenses—fact discovery should be re-opened until August 22, 2023, to allow Plaintiffs time to conduct discovery on the new affirmative defenses. The Court finds this proposal adequate to remedy and safeguard against any prejudice that Plaintiffs may experience as a result of Officer Defendants' amendment and, therefore, will grant the Officer Defendants' Motion in full.

## IV.  CONCLUSION

Based on the foregoing, Officer Defendants' Motion for Leave to File Amended Answers is GRANTED. Officer Defendants shall file their amended answers to the Second Amended Complaint as soon as possible, and in no event later than 7 days from the date of this Order.

As discussed at the July 20, 2023 hearing, fact discovery shall be re-opened until August 22, 2023, for the limited purpose of conducting discovery with respect to the Officer Defendants' newly asserted affirmative defenses.

**IT IS SO ORDERED.**

Dated: July 25, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-02497-EJD
ORDER GRANTING LEAVE TO FILE AMENDED ANSWERS
5